Concurring Opinion.
Miller, J.
The jurisdiction of this court under the Constitution extends to all cases in which the constitutionality or legality of any tax, toll or impost whatever, is involved. It is manifest the word tax in this part of the Constitution is used in its largest sense. After the words describing the jurisdiction of this court as extending to all cases involving the legality or constitutionality of any tax, toll or impost, there is added the word “whatever,” i. e., whatever the character of that tax, toll or impost. Constitution, Art. 81. While it is clear that enforced contributions in the nature of local assessments, as such assessments are termed under the levee acts, are levied without reference to the rule of uniformity or of the limita *1302 tion applicable to general taxation, still these local assessments are none the less taxes. They are treated as taxes in the text books and are taxes in the natural sense of the word, though restricted in their operations and freed from the provisions in the Oonstitution regulating general taxation. Burroughs on Taxation, Chapter XXII, discriminates the local assessment from a general tax, as an assessment imposed on the property of a particular district created by the Legislature, and leviedjOn the theory of the benefit of that property to be secured by the tax. He designates that assessment as a tax. On what ground then is this court to hold that “ any tax whatever ’ used in the jurisdictional article of the Constitution does not include that mass of taxation levied in the form of local assessments? Can it be supposed that the organic law, in extending the jurisdiction of this court to all cases involving the legality or constitutionality of any toll, impost or tax whatever, ever contemplated that, under this sweeping jurisdictional grant, the State or the citizens could be deprived of the jurisdiction of the highest court of the State over questions of the legality or constitutionality of taxation in the form of local assessments. Manifestly no such narrow construction of the grant of jurisdiction to this court can be supported.
The frequent contentions ,on the subject of local assessments in our courts, have turned mainly on the issue whether this form of taxation can be exerted under the uniformity rule and limitation in the Constitution, in respect to general taxation. Our courts have reached the conclusion that ¡these local assessments are to be imposed without reference to this limitation or rule of uniformity. But that conclusion does not at all support the contention that local assessments are not taxes within the purview of Art. 81 of the Constitution, giving to this court jurisdiction whenever the legality or constitutionality of any tax whatever is involved, a jurisdiction to be exerted by appeal to this court direct from the court in which the case presenting the question originates. Burroughs on Taxation, Chap. XXII; The Drainage Case, 11 An. 338 et seq.; Crandall Case, 11 An. 222; 38 An. 323; 39 An. 460; 43 An. 337; Const., Arts. 81, 203, 209, 213, 214; Act No. 79 of 1890; Act No. 44 of 1886.
The decision in 33 An. 276, maintains that a question of the constitutionality or legality of an assessment under one of these levee acts is not within the jurisdiction of this court. Under what I conceive to be the requirement of the organic law announced in *1303 Art. 81 of the Constitution, that decision, in my judgment, can not be followed.
The issue now before us is simply as to the jurisdiction of this court.
I concur in the opinion of the Chief Justice.